**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **DEBORAH LAUFER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   CIVIL ACTION NO. 2:20-cv-103 |
| **v.** | ) |
| | ) |
| **TRIPLE W HOSPITALITY LLC and** | ) |
| **DEVELOPMENT AUTHORITY OF** | ) |
| **APPLING COUNTY,** | )   JURY TRIAL DEMANDED |
| | ) |
| **Defendants.** | ) |

## **DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

COME NOW Defendants Triple W Hospitality LLC and the Development Authority of Appling County ("Defendants"), by and through the undersigned counsel and pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby files this Brief in Support of Defendants' Motion to Dismiss, respectfully showing the Court as follows:

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Deborah Laufer ("Laufer") is a resident of Pasco County, Florida and a disabled person under the Americans with Disabilities Act ("ADA") as she requires a wheelchair and or cane to ambulate.[1] Laufer is a self-admitted "tester" for the purpose of ensuring that places of public accommodation comply with the ADA.[2]

The Development Authority of Appling County ("DAAC") is a county entity responsible for the recruitment of new businesses to Appling County and offers assistance with major economic development projects. DAAC owns the real property located at 417 West Parker Street, Baxley, Georgia 31513 (the "Hotel") which is known

---

[1] Plaintiff's Complaint, ¶ 1 (Sept. 30, 2020).
[2] *Id*. at § 2.

to be the Sleep Inn by virtue of a revenue bond. The Hotel is a Choice Hotels International ("Choice Hotels") branded property which provides lodging throughout the United States and internationally. Triple W is a limited liability company authorized to do business in the State of Georgia which operates, manages, and oversees the Hotel.

On September 30, 2020, Laufer filed her Complaint and Demand for Injunctive Relief (the "Complaint") against Defendants seeking declaratory and injunctive relief, along with attorneys' fees, damages, costs, and other expenses, for alleged violations of the ADA. Laufer alleges that prior to the filing of her Complaint, she visited various third-party websites[3] (the "Websites") which she alleges are "implemented, operat[ed], control[ed] and or maintain[ed]" by Defendants "for the purpose of reviewing and assessing the accessible features at the [Hotel] and ascertain whether [the Websites] meet the requirements of 28 C.F.R. § 36.302(e) and her accessibility needs."[4] Laufer alleges that the Websites are not compliant with § 36.302(e)(1) and as such discriminated against her by denying her equal access and enjoyment of the services offered by the Hotel.[5] Laufer alleges that the Websites' lack of information infringes on her "right to travel" and "deprive[s] her of the information required to make meaningful travel choices."[6]

The Americans with Disabilities Act is one of the most comprehensive pieces of civil rights legislation passed by Congress to date. Signed into law in 1990 by President George H. W. Bush, the ADA was designed to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with

---

[3] Plaintiff's Complaint, ¶ 10(a)-(h)(stating that Laufer visited booking.com, agoda.com, hotels.com, trip.com, cheaptickets.com, travelocity.com, reservations.com, and hotels.bookety.com).
[4] *Id*. at ¶ 10.
[5] *Id*. at ¶ 16.
[6] *Id*. at ¶ 12.

2

disabilities."[7] The ADA's virtuous purpose has been subjugated by personal injury attorneys who have manipulated the law into a way to make money at the expense of small businesses. As one California District Court explained:

> "[t]he scheme is simple: an unscrupulous law firm sends a disabled individual to as many businesses as possible, in order to have him aggressively seek out any and all violations of the ADA. Then, rather than simply informing [the] business of the violations, and attempting to remedy the matter through conciliation and voluntarily compliance, a lawsuit is filed, requesting damage awards that would put many of the targeted establishments out of business. Faced with the specter of costly litigation and a potentially fatal judgment against them, most businesses quickly settle the matter."[8]

Laufer's pursuit in this action is no different than that of the plaintiff in *Molski* except instead of visiting actual businesses, Laufer wreaks havoc on small businesses from the comfort of her home. This case is one of 518 other cases[9] filed by Laufer in the last several months across the United States and one of almost two thousand cases filed by the firm which represents her, Thomas B. Bacon, P.C. ("Bacon").[10] This type of behavior resulted in the *Molski* court sanctioning a "professional plaintiff" and his lawyer for filing ADA lawsuits for "their own financial gain and not the elimination of discrimination against individuals with disabilities."[11]

The pervasive problem of ADA lawsuits plaguing the judicial system is real and is driven not by discrimination, "but by economics—that is, the economics of attorney's fees."[12] As such, Defendants respectfully request that this Court dismiss the Complaint

---

[7] 42 U.S.C. § 12182(a).
[8] *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860 (C.D. Cal. 2004), aff'd in part, dismissed in part sub nom. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007)(internal citations omitted).
[9] See attached Exhibit A for a list of the cases filed by Plaintiff Deborah Laufer.
[10] See attached as Exhibit B for a list of all cases in which Thomas B. Bacon is attorney of record. These cases were limited by ADA cases filed in which Bacon was listed as counsel of record using the PACER case locator.
[11] *Molski* at 861.
[12] *Rodriguez v. Investco, LLC*, 305 F.Supp.2d 1278, 1282 (M.D. Fla. 2004).

filed by Laufer in this action for three reasons (1) the Complaint fails to state a claim upon which relief can be granted, (2) the Complaint fails to allege that Laufer has suffered an injury-in-fact, and (3) the Complaint fails to allege that Laufer faces any real and immediate threat of future injury.

## CITATION TO AUTHORITY AND APPLICABLE LEGAL STANDARDS

### A. The ADA

The ADA covers three main types of discrimination. Title I prohibits discrimination in private employment; Title II prohibits discrimination by public entities (state and local governments); and Title III prohibits discrimination by a "place of accommodation," which is a private entity that offers commercial services to the public.[13] Inns, hotels, motels, and other places of lodging are considered places of public accommodation for the purpose of the ADA.[14]

> "Discrimination" is defined by the ADA as
>
> "the failure to make reasonable modifications in polices, practices, or procedures…necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individual with disabilities" and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently…because of the absence of auxiliar aids and services."[15]

However, "places of public accommodations" within the meaning of the Title III are not limited to physical structures.[16] As such, Title III covers both tangible barriers that would prevent a disabled person from entering an accommodation's facilities and

---

[13] *A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1288 (11th Cir. 2018).
[14] 42 U.S.C. § 12181
[15] *Id*. § 12182(b)(2)(A)(ii)-(iii)
[16] *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279 (11th Cir. 2002).

4

accessing its goods and services as well as intangible barriers which restrict a person's ability to enjoy the defendant's goods, services, and privileges.[17]

Places of lodging covered by Title III must ensure that all reservations, no matter by what manner they are made, are compliant with Title III and do not discriminate against disabled persons. 28 C.F.R. § 36.302(e)(1) (the "Requirements") sets forth the requirements for places of lodging regarding reservations:

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.[18]

Thus, to prevail on a Title III ADA discrimination claim, a plaintiff must sufficiently demonstrate that: (1) he or she is a disabled individual; (2) defendant owns, leases, or operates a place of public accommodation; and (3) defendant has discriminated against the plaintiff on the basis of the disability within the meaning of the ADA.[19]

---

[17] *Id.*, *but see also* 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12182(b)(2)(A)(i)-(ii)
[18] 28 C.F.R § 36.302(e)(1)(i)-(v)
[19] *Norkunas* at 416.

B. <u>**Rule 12(b)(6) Motion to Dismiss**</u>

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts sufficient to state a claim that is "plausible on its face."[20] A court's review of the sufficiency of the Complaint is limited to the allegations presented in the Complaint.[21] Factual allegations in the Complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor.[22] Detailed factual allegations are not required, but the allegations must consist of more than a "formulaic recitation of the elements of a cause of action."[23]

C. <u>**Standing for Injunctive Relief**</u>

Article III of the United States Constitution limits the jurisdiction of federal courts to hear actual cases or controversies.[24] Accordingly, the Court must first assure itself that a litigant has standing to bring an action, including one for injunctive relief.[25] Motions to dismiss based on lack of standing attack the Court's subject matter jurisdiction and are therefore considered under F.R.C.P. 12(b)(1).

To establish standing, a plaintiff must show that she has suffered: "(1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) that the injury will be redressed by a favorable decision."[26] Further, because injunctions regulate future conduct, a plaintiff has standing to seek injunctive relief only if the party

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly, 550* U.S. 544, 570 (2007)).
[21] *GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508 (11th Cir. 1993).
[22] *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998).
[23] *Twombly*, 550 U.S. at 555.
[24] *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412 (11th Cir. 2011).
[25] *Id.* at 415.
[26] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992).

alleges a real and immediate threat of future injury which is not conjectural or hypothetical.[27]

### D. *Patricia Kennedy v. Siesta Inn & Suites, Inc.*

In an almost *identical* set of facts to the case at hand, another self-admitted "tester" represented by Bacon filed suit against the Siesta Inn & Suites ("Siesta") in Sarasota, Florida alleging that the hotel's reservation website and other third-party websites were not compliant with the requirements set forth in 28 C.F.R. § 36.302(e). Kennedy alleged that Siesta's website as well as third-party websites did not provide sufficient information to determine whether or not the Siesta's hotel rooms met her accessibility needs.[28] Siesta filed a Rule 12(b)(1) motion to dismiss, attaching photographs from its website to demonstrate that it was in compliance with 28 C.F.R. § 36.302(e) and asserted that Kennedy's claims were moot.[29] Kennedy then booked a room at the Siesta advertised as ADA accessible using Siesta's website and then filed an affidavit in response to Siesta's motion to dismiss representing the inadequacies of its accessible rooms.[30] The Eleventh Circuit reversed the trial court's dismissal of Kennedy's complaint on multiple grounds, but specifically held that places of public accommodation such as the Siesta have a duty to provide "third-party services with information concerning these accessible features of the hotel and the accessible rooms."[31]

---

[27] *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)(citing *Wooden v. Board of Regents of Univ. Sys.*, 247 F.3d 1262, 1284 (11th Cir. 2001)).
[28] *Kennedy v. Siesta Inn & Suites, Inc.*, 18-14509, 2020 WL 5820871 (11th Cir. Sept. 30, 2020).
[29] *Id.*
[30] *Id.*
[31] *See* Dep't of Just., Americans with Disabilities Act Title III Regulations, Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities (2010).

The Eleventh Circuit went further to say that the continued lack of accurate information on third-party sites is an actionable claim under the ADA.[32] However, the paragraph immediately preceding the language relied upon by the Eleventh Circuit states: "To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with [§ 36.302(e)], **the hotel or other place of lodging will not be responsible."**[33] The importance of the information provided by the DOJ Guidelines is undeniable given the consternation that currently exists between the District Courts in the Eleventh Circuit but was seemingly ignored by the Eleventh Circuit in *Kennedy*.[34]

## ARGUMENT AND ANALYSIS

### I. Because Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted, Defendant's Motion Should be Granted.

To establish a prima facie case for ADA discrimination, Laufer must establish that: (1) she is disabled, (2) the Hotel is a place of public accommodation, and (3) she was denied full equal treatment of the goods and services offered by the Hotel because

---

[32] *See* Dep't of Just., Americans with Disabilities Act Title III Regulations, Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities (2010).
[33] *Kennedy* at *3.
[34] *Compare Kennedy v. Floridian Hotel Inc.*, No. 1:18-CV-20839-UU, 2018 WL 10601975, at *4-7 (S.D. Fla. May 15, 2018) (at the summary judgment stage, plaintiff's "vague and conclusory plans" to revisit the website failed to sufficiently allege future injury); *Buchholz v. Aventura Beach Assoc., Ltd.*, No. 17-23154-CIV-MORENO, 2018 WL 318476, at *3 (S.D. Fla. Jan. 5, 2018) (generally finding that plaintiff failed to allege a nexus between the hotel website and the physical property); *and Price v. Escalante - Black Diamond Golf Club LLC*, No. 5:19-CV-22-Oc-30PRL, 2019 WL 1905865 (M.D. Fla. Apr. 29, 2019) (concluding that plaintiff failed to sufficiently allege future injury because he failed to allege a nexus between the website and the hotel's physical location) *with Parks v. Richard*, No. 2:20-CV-227-FtM-38NPM, 2020 WL 2523541, at *2-3 (M.D. Fla. May 18, 2020) (holding that plaintiff sufficiently alleged past and future injury and thus, had standing); *Kennedy v. Sai Ram Hotels LLC*, No. 8:19-CV-483-T-3JSS, 2019 WL 2085011 (M.D. Fla. May 1, 2019) (concluding that plaintiff's allegation that she intended to revisit the website in eight months was sufficient to establish future injury at motion to dismiss stage); *and Honeywell v. Harihar Inc.*, No. 2:18-CV-618- FtM-29MRM, 2018 WL 6304839 (M.D. Fla. Dec. 3, 2018) (holding that plaintiff's allegation that she intended to revisit the website was sufficient to establish future injury at motion to dismiss).

of her disability.[35] Neither Laufer's status as an individual covered by the ADA nor the Hotel's designation as a place of public accommodation is disputed. Laufer alleges that she was denied full and equal treatment of the goods and services offered by the Hotel prohibited by § 36.302(3)(1)(i)-(ii). Subsection (i) requires that places of lodging ensure that individuals with disabilities can make reservations in the same manner as those without disabilities. Subsection (ii) requires that hotels identify and describe accessible features in the places of lodging with enough detail to permit individuals with disabilities to assess whether or not the hotels accessibility features meet the individual's needs. Laufer's Complaint fails to set forth a claim upon which relief can be granted because: (1) the Defendants are not responsible for the alleged failure of the Websites to comply with § 36.302(e)(1), and (2) Laufer is unable to demonstrate how she was denied full equal treatment because of her disability.

   a. <u>Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because Defendants Are Not Responsible for the Alleged Failure of the Websites to Provide Information.</u>

The requirements outlined in § 36.302(e)(1) apply to reservations made by "any means, including telephone, in-person, or through a third party."[36] Although this language seems clear enough, the Department of Justice (the "Department") published the Title III Regulations 2010 Guidance and Section-by-Section Analysis (the "DOJ Guidance") to clarify a multitude of issues and specifically addressed concerns raised to

---

[35] *Access 4 All, Inc. v. Bamco VI, Inc.*, 2012 U.S. Dist. LEXIS 1868, 2012 WL 33163, at *2 (S.D. Fla. Jan 6, 2012).
[36] 28 C.F.R. § 36.302(e)(1).

9

the Department regarding the threat to hotels and similar organizations that may face liability as a result of parties they are unable to control.[37] The Department states:

> "Hotels and other places of lodging that use third-party reservation services ***must make reasonable efforts*** to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible feature of the hotel and the accessible rooms."[38]

The Department goes on to say:

> "To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with [section § 36.302(e)], ***the hotel or other place of lodging will not be responsible.***"[39]

All Choice Hotel properties, including the Hotel at issue, utilize choiceEDGE, a cloud-based global reservation system ("GRS") which works as a central hub for reservations, delivering information about Choice Hotel properties in real-time to Choice.com, mobile apps, and third-party reservation systems. The information provided by the Hotel is identical to that provided to Choice.com which allows customers to view and select available accessible rooms as well as view the specific accessibility features offered not only at the Hotel, but in each individual room. This information accessible by Choice.com is identical to the information provided to the Websites at issue in this action. The Hotel's website outlining its accessible rooms and features is attached hereto as <u>Exhibit C</u>.

As such, because the Hotel is not responsible for the Website's failure to appropriately display information provided by the Hotel, Plaintiff's Complaint fails to

---

[37] *See* Dep't of Just., Americans with Disabilities Act Title III Regulations, Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities (2010).
[38] *Id*.
[39] *Id*.

state a claim upon which relief can be granted, Defendant's Motion to Dismiss should be granted.

    b. <u>Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because the Complaint Merely Restates the Statutory Language of the ADA.</u>

Federal Rule of Civil Procedure 8(a)(2) demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation."[40] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"[41] Thus, when a plaintiff's complaint does nothing more than parrot the statutory language of the ADA, she has failed to sufficiently state a claim upon which relief can be granted.

Plaintiff states that she was "deprived of the…goods, services, features, facilities, benefits, advantages, and accommodations of the Hotel available to the general public…" because the Websites "failed to comply with the requirements set forth in 28 CFR 36.302(e).[42] Plaintiff goes on to further state that the Websites do "not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding the accessibility at the hotel."[43] These are precisely the kinds of conclusory allegations and statutory recitations that the Court in *Iqbal* and *Twombly* condemned and ignored when evaluating a complaint for sufficiency. Plaintiff's complaint is devoid of further factual enhancement and contains only naked assertions about how visiting a website for a hotel of which she has no intent to actually visit has harmed her. As such, because Laufer's Complaint merely restates the statutory

---

[40] *Ashcroft v. Iqbal*, 556 U.S.662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[41] *Id*.
[42] Plaintiff's Complaint, ¶ 10 (Sept. 30, 2020).
[43] *Id*.

language it fails to state a claim upon which relief can be granted. Thus, Defendant's Motion should be granted.

II. **Because Plaintiff Lacks Standing to Assert a Claim Under the ADA, Plaintiff's Complaint Should Be Dismissed.**

To assert standing for injunctive relief, a plaintiff must demonstrate: (1) an injury-in-fact, (2) a causal connection between the injury and the conduct complained of, (3) that the injury will be redressed by a favorable decision, and (4) a threat of future injury which is real and immediate.[44]

    a. Plaintiff's Complaint Should Be Dismissed Because Plaintiff Cannot Demonstrate That She Has Suffered an Injury-In-Fact.

In *Rendon v. Valleycrest Productions, Ltd.*, the Eleventh Circuit examined whether the telephone selection process used by Valleycrest, a television studio which ran the gameshow Who Wants to be a Millionaire, was discriminatory against disabled persons in violation of the ADA.[45] In finding that the telephone selection process was a service offered by Valleycrest which was a place of public accommodation, the Eleventh Circuit held the telephone selection process was subject to Title III of the ADA.[46]

In Haynes v. Dunkin' Donuts, the Eleventh Circuit held that the Dunkin' Donuts website was a service that "facilitated the use of Dunkin' Donuts shops, which are places of public accommodation."[47] Haynes, a blind man, brought suit after attempting to utilize certain features of the Dunkin' website which were not compatible with his screen reading software.[48] Because Haynes could not use certain features like the

---

[44] *Lujan* at 560; *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)(citing *Wooden v. Board of Regents of Univ. Sys.*, 247 F.3d 1262, 1284 (11th Cir. 2001)).
[45] *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279 (11th Cir. 2002).
[46] *Id.* at 1284.
[47] *Haynes v. Dunkin' Donuts LLC*, 741 Fed. Appx. 752 (11th Cir. 2018)
[48] *Id.* at 753.

online store locator and could not buy gift cards online, the Eleventh Circuit held that he had been denied full and equal access to the services offered by Dunkin's.[49]

Here, the essence of Laufer's claim is that she was injured simply by *viewing* the Websites at issue. This is not sufficient to state a claim under the ADA because to suffer an injury-in-fact to pursue a claim under Title III of the ADA, Laufer must demonstrate that she was denied full and equal treatment by the Defendants which she cannot do. Laufer's Complaint is devoid of any information about her intent to visit the Hotel and is devoid of any allegations that she tried and failed to book an accessible room on the Websites. Laufer does not assert that the Websites impeded her ability to visit the Hotel, only that the violations "infringed [on] [Laufer's] right to travel…and deprived her of the information required to make meaningful choices of travel."[50] Even if Laufer did actually suffer some harm, the harm stated is not what is protected by Title III of the ADA. Specifically, the harm protected is the right to full and equal access to the goods and or services offered by the place of public accommodation. Nothing on the face of Laufer's Complaint sufficiently pleads that she has actually been denied full and equal access to the goods and services offered by the Hotel. Further, Laufer's self-stated purpose for visiting the Websites directly contradicts the alleged harm she suffered by being denied the information needed to make "meaningful decisions" on travel to a place she never had any intention of visiting. This sort of generic allegation does not demonstrate a concrete injury and basically alleges that the inaccessibility of the information is the harm itself. Because Laufer has not suffered an injury-in-fact, Defendants' Motion should be granted, and Laufer's Complaint dismissed.

---

[49] *Haynes v. Dunkin' Donuts LLC*, 741 Fed. Appx. 752 (11th Cir. 2018).
[50] Plaintiff's Complaint, ¶ 12 (Sept. 30, 2020).

### b. Plaintiff Has Not Established A Real and Immediate Threat of Future Injury and Therefore Lacks Standing to Request Injunctive Relief.

The Eleventh Circuit uses a four-factor test known as the Houston test in considering the future injury element of standing in Title III cases.[51] The Houston factors are: "(1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definiteness of the plaintiff's plan to return, and (4) the frequency of the plaintiff's travel near the defendant's business."[52] Although Houston has not been applied to any cases involving Title III website cases, there is an analogous comparison to be made using the factors.

Here, Laufer's stated intent to "return to the [Websites] in order to test it for compliance" does not constitute a real and immediate threat of future injury.[53] First, Laufer has no meaningful connection to Baxley, Georgia where the Hotel is located, has never visited Baxley, Georgia, and lives almost three-hundred miles away from Baxley, Georgia. Second, she alleges that her *sole purpose* for visiting the Websites was to verify ADA compliance, demonstrating that at no point either prior to or after the filing of her Complaint did she intend to actually utilize the goods and services offered by the Hotel. Third, Laufer's "intent" to revisit the Websites at a later date is the exact same type of "some day" allegation that the United States Supreme Court has held as insufficient to allege a future injury.[54] Last, Laufer does not allege that she has any frequency of travel near the Hotel, such as friends or family who live in the area. As such, it is clear that Laufer's allegations are insufficient to demonstrate any treat of real

---

[51] *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1327 (11th Cir. 2013).
[52] *Id*.
[53] *See Shotz,* 256 F.3d at 1081; *Wooden,* 247 F.3d at 1284 (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)).
[54] *Lajun* at 564.

and immediate threat of injury as required for injunctive relief and as such are merely conjectural and hypothetical. Therefore, because Laufer faces no real and immediate threat of future harm, Defendant's Motion should be granted, and Laufer's Complaint should be dismissed.

### III. Plaintiff's Complaint Should Be Dismissed Because the Websites Comply with 28 CFR 36.302.

Plaintiff's Complaint alleges that the Websites: (1) do not identify or allow for reservation of accessible guest rooms, and (2) do not provide sufficient information regarding the accessibility of the hotel. This argument is meritless because the Websites meet the requirements of 28 C.F.R. § 36.302(e)(1).

Each Website has been attached hereto as Exhibits D to demonstrate the accessibility features available at the Hotel. First, each Website provides photographs of the room which the individual is booking. These photographs demonstrate the accessible features in the rooms such as lowered counters in the guest room and bathrooms as well as accessible showers and toilets. Second, the Websites appropriately display information on the accessibility features of the Hotel which is demonstrated in Exhibit D. Third, each of the Websites display numerous photos which demonstrate the Hotel's compliance with the ADA. Said photos are attached hereto as Exhibit E. For example, Photos 1 and 2 demonstrate that the Hotel has handicap parking close to the entrance of the Hotel, as required by Laufer. Photos 11 and 13 demonstrate the Hotel's accessible bathrooms, such as grab bars near the commodes and handicap showers, as required by Laufer.

Because the Websites are in compliance with § 36.302(e)(1), Defendant's Motion should be granted, and Laufer's Complaint should be dismissed.

## **CONCLUSION**

The private enforcement of the Americans with Disabilities Act has transformed the law into an industry that takes advantage of good-willed small businesses in order to make money. Laufer's 519 complaints constitute a weaponization of the ADA for profit which should not be allowed by this Court. Because Laufer's Complaint fails to state a claim upon which relief and be granted, because Laufer has failed to allege an injury-in-fact, and because Laufer faces no real or immediate threat of future injury, Defendants respectfully request that this Court grant the Defendant's Motion to Dismiss.

Respectfully submitted this 6th day of November, 2020.

                                                s/ Graham F. Floyd
                                                Georgia Bar No. 654987
                                                Attorney for Defendants
                                                JohnsonFloyd LLP
                                                132 W Parker Street
                                                Baxley, Georgia 31513
                                                T: (912) 367-9000
                                                E-Mail: gffloyd@jajlaw.com