UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

**DEBORAH LAUFER,**
    **Plaintiff,**

v.                                                             Case No: 2:20-cv-103

**TRIPLE W HOSPITALITY, LLC and
DEVELOPMENT AUTHORITY OF
APPLING COUNTY,**
    **Defendants.**

**STATEMENT MADE PURSUANT TO 28 U.S.C. SECTION 1746**

1.        My name is Deborah Laufer. I am currently a resident of Pasco County, Florida. I am unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, I am bound to ambulate in a wheelchair or with a cane or other support and have limited use of my hands. I am unable to tightly grasp, pinch and twist of the wrist to operate. I am also vision impaired. When ambulating beyond the comfort of my own home, I must primarily rely on a wheelchair. I require accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that I can embark and disembark into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that I can reach them. I

1

have difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. I am hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning my legs. Sinks must be at the proper height so that I can put my legs underneath to wash my hands. I require grab bars both behind and beside a commode so that I can safely transfer and I have difficulty reaching the flush control if it is on the wrong side. I have difficulty getting through doorways if they lack the proper clearance. To use a pool, I require a lift or other accessible means. When sleeping in a guest room, I need a compliant tub or shower with required grab bars and a shower chair.

2. When looking at a hotel online reservation service, I need information so that I can ascertain whether or not the hotel and its guest rooms are accessible to me. This includes information whether the conditions referenced above are compliant.

3. In the past, I have observed that the vast majority of hotel online reservations services do not allow for booking of accessible rooms or provide the information I need to make an informed choice. I have also booked a room at hotels whose websites claim they are "accessible", only to find that this claim is untrue. Therefore, I cannot make plans to travel if I intend to stay in an accessible room at an accessible hotel. The failure of so many hotels to comply with the law in this regard deter me from making travel plans. Therefore, I am an advocate on behalf of both myself and other similarly situated disabled persons and consider myself a tester. As a tester, I visit hotel online reservations services to ascertain whether

          they are in compliance with the Americans With Disabilities Act. In the event that they are not, I request that a law suit be filed to bring the website into compliance with the ADA so that I and other disabled persons can use it.

5. I have traveled to Georgia approximately 20 times and have been all over the State. This includes six visits in the past five years. I frequently stay in a a hotel when I go up. I plan to return to Georgia, travel around the entire state, and stay in hotels as soon as the Covid crisis is over. I have had these plans since long before I filed this action. When I can return, I need to review the online reservations services of Georgia hotels so that I can make meaningful choices and plan my trip. The failure of this hotel to provide the required information impairs my ability to make my travel plans.

6. Rooms for the Sleep Inn Baxley GA,417 E Parker St,Baxley, Georgia , can be booked through an online reservations service, including www.booking.com, www.agoda.com, www.trip.com, www.cheaptickets.com, www.travelocity.com, www.reservations.com, and  www.hotels.bookety.com.  Prior to filing this civil action, on 9.18.20, 9.20.20, 9.22.21, 9.23.20, and 9.29.20, I visited this online reservations service. I visited the online reservation service for the Defendant's hotel for the purpose of  reviewing and assessing the accessible features at the hotel and ascertain whether the websites contain the information required by 28 C.F.R. Section 36.302(e) and  adequately informs me as to whether the hotel meets my accessibility needs. I was in my own home in Pasco County when I visited these websites. However, I was unable to do so because Defendant failed

to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, I was deprived the same services available to the general public. The websites do not identify any accessible rooms, provide for booking of accessible rooms or contain any information as to whether any rooms or features at the hotel are accessible. True and correct screenshots taken of the hotels online reservations system at the time I visited it prior to the filing of this action are attached hereto as Exhibit A-1. Subsequent to filing this action, I revisited the hotel's online reservations service on 11.5.20.

7. When I encountered the above conditions, I suffered humiliation and frustration at being treated like a second class citizen, being denied equal access and benefits to the goods, facilities, accommodations and services. I am deterred from returning to the websites because I understand that it would be a futile gesture to do so unless I am willing to suffer further discrimination. I am aware that defendant segregates against me and other disabled persons by offering them one service: me a lesser service.. I am aware that I am being deprived the equality of opportunity afforded to non-disabled persons to utilize the online reservation service free of discrimination. I am also aware that my ability to travel free of discrimination and with equal access to information offered to the general public is diminished.

8. I have a system to ensure that I revisit the online reservations services for every hotel I sue. In this regard, I maintain a list of each hotel I have sued. I constantly go through this list and add to it. With respect to each hotel I sue, shortly after the complaint is filed, I revisit the hotel's online reservations service. I also

periodically go down my entire list of hotels and revisit the online reservations services for all such hotels. In accordance with this system, I already revisited the online reservations system for this hotel. Once a case is settled, I mark the date on my list when the defendant has agreed to fix its websites or when it is otherwise required to become compliant. When that date arrives, I revisit it again and record my visits. Thus, I revisit each hotel's online reservations service multiple times times after a lawsuit is filed. In this case and pursuant to my system, I visited the hotel's online reservations service multiple times before the case was filed and again after this suit was filed pursuant to my system. I plan to again revisit the hotel's online reservations service as soon as it is required to become compliant, either by Court order or by settlement agreement.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

Date: __11.17.20__                                            _____
                                                                            DEBORAH LAUFER